# Exhibit A



**Service of Process Transmittal**
12/01/2009
CT Log Number 515799024

TO: Carl Del Vecchio
JPMorgan Chase Bank, N.A.
1 Chase Manhattan Plaza - 20th Floor, Legal Department
New York, NY 10081-

RE: **Process Served in Delaware**

FOR: Chase Bank USA NA (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Theodore F. Smolen, Pltf. vs. Chase Bank USA, N.A. and Experian Information Solutions, Inc., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Statement, Certification, Complaint and Jury Demand |
| COURT/AGENCY: | Essex County Haverhill District Court, MA<br>Case # 0938cv1417 |
| NATURE OF ACTION: | Uniform Counsel Certification for Civil Cases |
| ON WHOM PROCESS WAS SERVED: | The Corporation Trust Company, Wilmington, DE |
| DATE AND HOUR OF SERVICE: | By Regular Mail on 12/01/2009 postmarked on 11/24/2009 |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Josef Culik<br>Culik Law P.C.<br>P.O. Box 805<br>Rockport, MA 01966<br>978-841-9570 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/01/2009, Expected Purge Date: 12/06/2009<br>Image SOP<br>CC Recipient(s)<br>Teresa Goldberg, via Customer Pick-up<br>Legal Papers Served, via Customer Pick-up |
| SIGNED: | The Corporation Trust Company |
| PER: | Scott LaScala |
| ADDRESS: | 1209 Orange Street<br>Wilmington, DE 19801 |
| TELEPHONE: | 800-592-9023 |

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts
## District Court Department of The Trial Court
### Haverhill Division

ESSEX, ss.

THEODORE F. SMOLEN

v.

CHASE BANK USA, NA
and
EXPERIAN INFORMATION SYSTEMS, INC.

SUMMONS
(Rule 4)

Civil Action No. 0938cv1417

To defendant **CHASE BANK USA, NA** of **CORPORATION TRUST CENTER, 1209 ORANGE ST., WILMINGTON, DE 19801**
(name) (address)

You are hereby summoned and required to serve upon **JOSEF CULIK, ESQ.**, plaintiff('s) attorney, whose address is **PO BOX 805, ROCKPORT, MA 01966**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the Office of the Clerk of this court either before service upon plaintiff('s) attorney, or within 5 days thereafter. If you fail to meet the above requirements, judgement by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claims which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS Stephen S. Abany Presiding Justice, on _____
(date)

_____
Clerk

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint
(date of service)

in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5)).

_____
(signature)

_____
(name and title)

_____
(address)

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.: 0938cv1417<br>Division: Haverhill District Court | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

Plaintiff(s)
Theodore Smolen

Defendant(s)
Chase Bank USA, N.A.; Experian Information Solutions, Inc.

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

### TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
 1. Total hospital expenses: $ _____
 2. Total doctor expenses: $ _____
 3. Total chiropractic expenses: $ _____
 4. Total physical therapy expenses: $ _____
 5. Total other expenses (Describe): _____ $ _____

B. **SUBTOTAL for lines 1-5 above:** $ _____
C. Documented lost wages and compensation to date: $ _____
D. Documented property damages to date: $ _____
E. Reasonable anticipated future medical and hospital expenses: $ _____
F. Reasonably anticipated lost wages: $ _____
G. Other documented items of damage (Describe): _____ $ 20,000
 Damage to reputation, emotional distress.

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $ 20,000

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
Selling of debt known not to be owed by plaintiff to debt collectors for collection; defamation to multiple parties by publication of this false information to debt collectors and potential credit issuers.

### CONTRACT CLAIMS — AMOUNT

Provide a detailed description of claim(s): _____ $ 5,000
Breach of plaintiff's credit card holder agreement with defendant Chase. $ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $ 5,000

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: Josef C.
Type Name: Josef Culik
Address: P.O. Box 805, Rockport, MA 01966
Phone: (978) 841-9570
B.B.O.#: 672665
Date: 11/02/2009

DEFENDANT'S NAME AND ADDRESS & PHONE:
Chase Bank USA, N.A.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Experian Information Systems, Inc.
CT Corporation System
155 Federal St., Suite 700
Boston, MA 02110

08/06

 **CT Corporation**

**Service of Process Transmittal**
11/19/2009
CT Log Number 515752769

| | |
|---|---|
| **TO:** | Scott Leslie, General Counsel Experian Americas<br>Experian<br>475 Anton Blvd<br>Costa Mesa, CA 92626- |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | Experian Information Solutions, Inc. (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Theodore F. Smolen, Pltf. vs. Chase Bank USA, N.A. and Experian Information Solutions, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Statement, Certification, Complaint and Jury Demand |
| **COURT/AGENCY:** | Haverhill Division, District Court Department, Essex County, MA<br>Case # 0938CV1417 |
| **NATURE OF ACTION:** | Breach of Contract - Selling of debt known not to be owed by Plaintiff to debt collectors for collection |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/19/2009 at 14:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service - Summons // Within 5 days, thereof - File answer with the Clerk of Courts |
| **ATTORNEY(S) / SENDER(S):** | Josef Culik<br>Culik Law P.C.<br>P.O. Box 805<br>Rockport, MA 01966<br>978-841-9570 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 799434974490 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts
## District Court Department of The Trial Court
### Haverhill Division

ESSEX, ss.

THEODORE F. SMOLEN
v.
CHASE BANK USA, NA
and
EXPERIAN INFORMATION SYSTEMS, INC.

## SUMMONS
(Rule 4)

Civil Action No. 0938CV1417

CT CORP SYSTEM

To defendant EXPERIAN INFORMATION SYSTEMS, INC. 155 FEDERAL ST., SUITE 700, BOSTON MA 02110
(name) (address)

You are hereby summoned and required to serve upon JOSEF CULIK, ESQ., plaintiff('s) attorney, whose address is PO BOX 805, ROCKPORT, MA 01966, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the Office of the Clerk of this court either before service upon plaintiff('s) attorney, or within 5 days thereafter. If you fail to meet the above requirements, judgement by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claims which you may have against the plaintiff which arises out of the transaction or occurence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action..

WITNESS Stephen S. Abany Presiding Justice, on _____
(date)

_____
Clerk

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the complaint
(date of service)

in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5).

A true copy Attest:
John Cotter
11/19/09
Deputy Sheriff Suffolk County

_____ (signature)
_____ (name and title)
_____ (address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | Docket No.: 0938 cv 1417<br>Division: Haverhill District Court | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

Plaintiff(s): Theodore Smolen

Defendant(s): Chase Bank USA, N.A.; Experian Information Solutions, Inc.

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (Describe): | $ |
| B. **SUBTOTAL** for lines 1-5 above: | $ |
| C. Documented lost wages and compensation to date: | $ |
| D. Documented property damages to date: | $ |
| E. Reasonable anticipated future medical and hospital expenses: | $ |
| F. Reasonably anticipated lost wages: | $ |
| G. Other documented items of damage (Describe): Damage to reputation, emotional distress. | $ 20,000 |

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above: $ 20,000**

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): Selling of debt known not to be owed by plaintiff to debt collectors for collection; defamation to multiple parties by publication of this false information to debt collectors and potential credit issuers.

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): Breach of plaintiff's credit card holder agreement with defendant Chase. | $ 5,000<br>$<br>$ |

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS: $ 5,000**

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):

Signature: Josef C.
Type Name: Josef Culik
Address: P.O. Box 805, Rockport, MA 01966
Phone: (978) 841-9570
B.B.O.#: 672665
Date: 11/02/2009

DEFENDANT'S NAME AND ADDRESS & PHONE:

Chase Bank USA, N.A.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Experian Information Systems, Inc.
CT Corporation System
155 Federal St., Suite 700
Boston, MA 02110

08/06

MASSACHUSETTS TRIAL COURT DEPARTMENT
HAVERHILL DISTRICT COURT
ESSEX COUNTY

THEODORE F. SMOLEN
Plaintiff

v.

CHASE BANK USA, N.A. and
EXPERIAN INFORMATION
SOLUTIONS, INC.
Defendants

Docket No. 0938cv1417

**UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES**

I am attorney-of-record for defendant in the above-titled matter. In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which requires that attorneys provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent, I hereby certify that I have complied with this requirement.

*/s/ Josef C.*

Josef Culik (BBO# 672665)
CULIK LAW P.C.
P.O. Box 805
Rockport, MA 01966
Tel (978) 841-9570
Fax (978) 233-0561
josef@culiklaw.com

November 2, 2009

MASSACHUSETTS TRIAL COURT DEPARTMENT
HAVERHILL DISTRICT COURT
ESSEX COUNTY

| | |
|---|---|
| THEODORE F. SMOLEN<br>Plaintiff<br><br>v.<br><br>CHASE BANK USA, N.A. and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>Defendants | Docket No. 0938cv1417 |

**COMPLAINT AND JURY DEMAND**

Overview

1. In this action, plaintiff Theodore Smolen — a victim of identity theft and thousands of dollars of credit card fraud — contends that defendants Chase and Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and defamed him. The defendants published untrue information about Smolen even after he informed them that unauthorized charges had been placed on his account. Further, and perhaps most outrageously, Chase sent Smolen's account out to two separate debt collectors despite its knowledge that Smolen's card had been fraudulently used, further defaming Smolen, violating the cardholder agreement and violating the duty of good faith and fair dealing.

1

**Parties**

2. Plaintiff Theodore F. Smolen ("Smolen") is a 66-year-old retired attorney, civil servant, grandfather of eight, and resident of Georgetown, Essex County, Massachusetts. Throughout his life he has made it a habit to maintain good credit and pay his bills on time.

3. Defendant Chase Bank USA, N.A. ("Chase") is, on information and belief, a credit card issuer and nationally chartered bank with its principal office in New York City, New York, and doing business in Massachusetts.

4. Defendant Experian Information Systems, Inc. ("Experian") is, on information and belief, an Ohio corporation with its principal office in Costa Mesa, California, and doing business in Massachsuetts. Experian is a "credit reporting agency" as that term is defined in the FCRA.

**Common Facts**

5. Smolen is a retired civil servant who has taken care to protect his credit. In the fall of 2008, Smolen's Washington Mutual (now Chase) credit card account was used to fraudulently make over $15,000 worth of unauthorized charges.

6. Once Smolen discovered the fraud he took action. He sent a certified letter to Chase in February of 2008, advising Chase that the charges were fraudulent, requesting investigation of the fraud, and requesting that Chase furnish correct information to consumer reporting agencies to undo the damage that had been done. Smolen also disputed the accuracy of his consumer report with Experian, the only consumer reporting agency that was reporting the account, requesting a reinvestigation pursuant to the Fair Credit Reporting Act.

7. Instead of correcting Smolen's report, Experian continued reporting inaccurate information. This inaccurate information was provided to the department store Sears when Smolen applied for a charge card.

8. Chase responded to Smolen's letter in March of 2008, stating that it had removed the fraudulent charges, changed the account number, and updated Smolen's consumer report account — however, this turned out to be completely untrue.

9. Despite Chase's knowledge that those charges were fraudulent and unauthorized, Chase then placed Smolen's account for collection with a collection agency, Bureau of Collection Recovery, Inc. On information and belief, Chase was required to remove the unauthorized charges under Smolen's credit card agreement.

10. Smolen then began receiving collection-related correspondence from Bureau of Collection Recovery in April of 2008. In response, Smolen sent a request for validation to Bureau of Collection Recovery, Inc. pursuant to the Fair Debt Collection Practices Act. This temporarily stopped the collection activity.

11. But Chase again tried to make a profit from the fraud, selling Smolen's account to the debt buyer Midland Funding, LLC. Smolen received a collection notice from Midland's attorneys, J.A. Cambece Law Office, P.C. in May of 2008. Outraged, Smolen sent an FDCPA validation letter to Cambece, just as he had with the previous debt collector.

12. Finally, in June of 2009, Smolen wrote to Mr. Jamie Dimon, the Chairman and CEO of J.P. Morgan Chase, to inform him of Chase's egregious conduct in placing and selling Smolen's account for collection. This time, Chase removed the charges — but it was months after Smolen had first informed Chase of those charges, and the damage had already been done.

13. Smolen's rights under the FCRA had been violated by both Chase and Experian; he had been defamed by both defendants to numerous third parties; and his credit card account had been unfairly, deceptively, and fraudulently sent off to collection agencies. Smolen had been called at home by debt collectors, embarrassed, and wasted hours of his time trying to correct the wrongs of the defendants.

## Count I:
## Breach of Contract
## (Chase)

14. Plaintiff repeats and realleges the preceding paragraphs.

15. Smolen and Chase had an agreement, supported by consideration, under which Smolen would not be held responsible for unauthorized charges made to his account.

16. Smolen performed his duties under the agreement, while Chase breached the agreement, cancelling Smolen's credit card, and selling the account to a debt buyer.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor:
   a. Awarding incidental and consequential damages;
   b. Awarding punitive damages;
   c. Awarding interest, costs, and reasonable attorney's fees; and
   d. Awarding such further relief as shall be just and proper.

## Count II:
## Violation of Duty of Good Faith and Fair Dealing
## (Chase)

17. Plaintiff repeats and realleges the preceding paragraphs.

18. Smolen and Chase had a contractual relationship. Implied in that relationship was a covenant of good faith and fair dealing under which neither party would do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

19. Chase violated its duty of good faith and fair dealing by breaching its contract with Smolen; by sending Smolen's account for collection despite knowledge that the charges on that account were fraudulent; by selling or assigning Smolen's account to a third party; and by failing to remove the charges from Smolen's account after being informed that the charges were fraudulent.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor:
  a. Awarding incidental and consequential damages;
  b. Awarding punitive damages;
  c. Awarding interest, costs, and reasonable attorney's fees; and
  d. Awarding such further relief as shall be just and proper.

### Count III:
### FCRA
### (Chase)

20. Plaintiff repeats and realleges the preceding paragraphs.

21. Chase violated the FCRA, 15 U.S.C. § 1681, by failing to fully and properly reinvestigate plaintiff's dispute regarding his upon notification by Experian; by failing to review all relevant information regarding that dispute; by failing to accurately respond to Experian; and by failing to correct its own internal records to prevent the re-reporting of the alleged debt to Experian.

22. Chase's misconduct was willful, rendering it liable for actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Chase's misconduct was negligent, rendering it liable for actual damages under 15 U.S.C. § 1681o.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor:
   a. Awarding actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681n; or alternatively, awarding him damages pursuant to 15 U.S.C. § 1681o;
   b. Ordering Chase to instruct all consumer reporting agencies to delete the alleged debt from plaintiff's credit file;
   c. Awarding interest, costs, and reasonable attorney's fees; and
   d. Awarding such further relief as shall be just and proper.

## Count IV:
## Defamation
## (Chase)

23. Plaintiff repeats and realleges the preceding paragraphs.

24. Chase maliciously defamed the plaintiff by its knowing publication to third parties of erroneous information that the plaintiff was an individual obligor on the account.

25. Those third parties include, but are not necessarily limited to, Bureau of Collection Recovery, Inc. and Midland Funding, LLC. Chase had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

26. Chase's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein. Chase is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

WHEREFORE, plaintiff requests that this court enter judgment in his favor:
   a. Awarding actual and punitive damages in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future;
   b. Awarding interest, costs, and reasonable attorney's fees; and
   c. Awarding such further relief as shall be just and proper.

## Count V:
## FCRA
## (Experian)

27. Plaintiff repeats and realleges the preceding paragraphs.

28. Experian violated the FCRA, 15 U.S.C. § 1681, by failing to delete inaccurate information in plaintiff's consumer report after receiving actual notice of the inaccuracy; by failing to conduct a lawful reinvestigation into plaintiff's dispute; by failing to forward all relevant information to Chase pursuant to plaintiff's dispute; by failing to maintain reasonable procedures with which to investigate and verify dispute information in plaintiff's consumer report; and by relying upon verification from a source it had reason to know was unreliable.

29. Experian's misconduct was willful, rendering it liable for actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Chase's misconduct was negligent, rendering it liable for actual damages under 15 U.S.C. § 1681o.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor:
   a. Awarding actual, statutory, and punitive damages pursuant to 15 U.S.C. § 1681n; or alternatively, awarding him damages pursuant to 15 U.S.C. § 1681o;
   b. Ordering Chase to instruct all consumer reporting agencies to delete the alleged debt from plaintiff's credit file;
   c. Awarding interest, costs, and reasonable attorney's fees; and
   d. Awarding such further relief as shall be just and proper.

## Count VI:
## Defamation
## (Experian)

30. Plaintiff repeats and realleges the preceding paragraphs.

31. Experian maliciously defamed the plaintiff by its knowing publication to third parties of erroneous information that the plaintiff was an individual obligor on the account.

32. Those third parties include, but are not necessarily limited to, Sears Roebuck Co. Experian had been informed of the false and fraudulent nature of such information and published it despite having such knowledge.

33. Experian's knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the plaintiff. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct.

WHEREFORE, plaintiff requests that this court enter judgment in his favor:
   a. Awarding actual and punitive damages in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future;
   b. Awarding interest, costs, and reasonable attorney's fees; and
   c. Awarding such further relief as shall be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                                          Respectfully submitted,
                                                          Theodore F. Smolen,
                                                          By Counsel,

                                                          */s/ Josef C.*
                                                          Josef Culik (BBO 672665)
                                                          CULIK LAW P.C.
                                                          P.O. Box 805
                                                          Rockport, MA 01966
                                                          Tel (978) 841-9570
                                                          Fax (978) 233-0561
                                                          josef@culiklaw.com

November 2, 2009